**RULE 166. MAINTAINING RECORDS IN THE CLERK OF COURTS**

\*　　\*　　\*

**D. Electronic Format. If a judicial district has provided for electronic filing pursuant to Rule 205, the juvenile court file in which electronic filing has been utilized may be maintained solely in an electronic format as long as copies of the documents maintained in the juvenile court file may be produced in a physical paper format.**

**Comment**

\*　　\*　　\*

Paragraph (C)(4) recognizes that occasionally resolution of oral motions presented in open court should be reflected in the docket, such as motions and orders related to omnibus motions as provided in Rule 346.

**Paragraph (D) permits electronically filed documents to be part of the juvenile court record in an electronic format. Accordingly, the juvenile court record may exist in both paper and electronic form, provided the electronic form can be produced in a paper form.**

Official Note: Rule 166 adopted April 1, 2005, effective October 1, 2005. Amended December 24, 2009, effective immediately. Amended May 21, 2012, effective August 1, 2012. Amended April 6, 2017, effective September 1, 2017. **Amended December 12, 2019, effective June 1, 2020.**

Committee Explanatory Reports:

Final Report explaining the provisions of Rule 166 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005). Final Report explaining the amendments to Rule 166 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010). Final Report explaining the amendments to Rule 166 published with the Court's Order at 42 Pa.B. 3203 (June 9, 2012). Final Report explaining the amendments to Rule 166 published with the Court's Order at 47 Pa.B. 2313 (April 22, 2017). **Final Report explaining the amendments to Rule 166 published with the Court's Order at ___ Pa.B. (___, 2019).**

**RULE 167.  FILINGS AND SERVICE OF COURT ORDERS AND NOTICES**

\*       \*       \*

B.  **Service.**

1) A copy of any order or court notice shall be served promptly on the attorney for the Commonwealth, the juvenile's attorney, the juvenile, the juvenile probation officer, and any other person, service provider, or agency listed in the court order.

2) The clerk of courts shall serve the order or court notice, unless the president judge has promulgated a local rule designating service to be by the court administrator or other court designee.

3) **Methods of [s]Service.**  Service shall be:

   a) by:

      i) personal delivery to the party's attorney or the juvenile;

      ii) mailing a copy to the party's attorney or leaving a copy for the attorney at the attorney's office;

      iii) in those judicial districts that maintain in the courthouse assigned boxes for counsel to receive service, leaving a copy for the attorney in the attorney's box;

      iv) sending a copy to the juvenile by first class mail addressed to the juvenile's place of residence, detention, or placement;

      v) sending a copy by facsimile transmission or other electronic means if the party's attorney or the juvenile has filed written request for this method of service or has included a facsimile number or an electronic address on a prior legal paper filed in the case; **[or]**

      vi) delivery to the party's attorney or the juvenile by carrier service; or

   b) orally in open court on the record**[.]; or**

2

**c) in a judicial district that permits electronic filing pursuant to Rule 205, service of court orders or notices shall be made as provided in Rule 205(D)(2) and (H)(1).**

\*        \*        \*

**Official Note:**  Rule 167 adopted April 1, 2005, effective October 1, 2005.  Amended December 24, 2009, effective immediately.  Amended July 28, 2014, effective September 29, 2014.  **Amended December 12, 2019, effective June 1, 2020.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 167 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005).  Final Report explaining the amendments to Rule 167 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010).  Final Report explaining the amendments to Rule 167 published with the Court's Order at 44 Pa.B. 5447 (August 16, 2014).  **Final Report explaining the amendments to Rule 167 published with the Court's Order at      Pa.B.     (      , 2019).**

(This is an entirely new rule.)

**RULE 205.  ELECTRONIC FILING AND SERVICE OF LEGAL PAPERS**

A. **Authorization.**  The president judge of a judicial district by local rule promulgated pursuant to Rule 121 and Rule of Judicial Administration 103 may authorize electronic filing of legal papers with the clerk of courts in cases in delinquency proceedings through the statewide electronic filing system as provided in this rule.

B. **Local Rule**

1)    The local rule required under this rule shall include the following provisions:

a) subject to the provisions in paragraph (B)(2), a statement that the electronic filing system is permissive and specify the legal papers subject to the rule, but in no case shall legal papers prohibited from being filed electronically by this rule be permitted to be filed electronically;

b) a provision for the procedures to ensure that any party who declines to participate in the system, or who is unable to electronically file or accept service of legal papers which were filed electronically, or who is otherwise unable to access the system, at a minimum, shall be able to file legal papers in a physical paper format and be served legal papers in a physical format which were electronically filed;

c) any additional provisions as the court may deem necessary to provide a full and complete procedure for the use of the system within the judicial district; and

d) a notation that the Administrative Office of Pennsylvania Courts and the judicial district have agreed upon an implementation plan for PACFile in the judicial district.

2)    Any judicial district that authorized electronic filing for a period of two years thereafter may amend their local rule, subject to the requirements of Rule 121 and Rule of Judicial Administration 103, to make participation in electronic filing mandatory.  For the purpose of establishing the commencement of the period, a judicial district may rely upon an authorization established pursuant to Pa.R.Crim.P. 576.1(B).

C. **Definitions.**  As used in this rule, the following words shall have the following meanings:

4

"electronic filing," the electronic submission of legal papers by means other than facsimile transmission and the acceptance of the document by the clerk of courts;

"filing party," an attorney, juvenile, or other person who files a legal paper by means of electronic filing;

"legal paper," a pleading or other submission to the court, including motions, answers, notices, or other documents, of which filing is required or permitted, including orders, copies of exhibits, and attachments, but excluding:

1) applications for search warrants;

2) applications for arrest warrants;

3) exhibits offered into evidence, whether or not admitted, in a court proceeding; and

4) submissions filed *ex parte* as authorized by law.

"original document," a legal paper filed electronically shall be deemed the original document, but copies of exhibits electronically filed do not constitute the original of the exhibit for evidentiary purposes; and

"the system," the PACFile electronic filing system, developed and administered by the Administrative Office of Pennsylvania Courts, is the exclusive system for electronic filing.

D. **Participation**

1) The system shall permit attorneys, juveniles proceeding without counsel, law enforcement officers, and juvenile probation officers to file electronically.

   a) In order to participate in the system, an attorney shall establish an account in the system by procedures established by the Administrative Office of Pennsylvania Courts.

   b) A non-attorney shall be permitted to utilize the system through an authorization process established by the Administrative Office of Pennsylvania Courts.

2) Establishment of an account by an attorney or authorization of a non-attorney in the system, to the extent so authorized by the Administrative Office of Pennsylvania Courts pursuant to paragraph (D)(1), shall constitute consent to participate in electronic filing, including acceptance of service electronically of any document filed on the system in any judicial district that permits electronic filing.

3) An attorney or non-attorney participating in the system is permitted to file a legal paper either in an electronic format or in a physical paper format. Service upon an attorney or non-attorney participating in the system shall be done electronically.

E. **Filing**

1) When a legal paper is to be electronically filed, it may be submitted to the system at the Unified Judicial System web portal at http://ujsportal.pacourts.us, in accordance with this rule, any local rule adopted pursuant to this rule, and any filing instructions as may be otherwise provided at the web portal site.

2) Electronic filings may be submitted at any time, except during times of periodic maintenance. The electronic submission must be completed by 11:59:59 p.m. EST/EDT to be considered filed that day.

3) The time and date on which a legal paper is submitted to the system shall be recorded by the system. The system shall provide an acknowledgement to the filing party that the legal paper has been submitted.

4) The time and date on which the legal paper is accepted by the clerk of courts office also shall be recorded by the system. The system shall provide an acknowledgement to the filing party that the legal paper has been accepted.

5) A legal paper shall be considered filed upon submission of the legal paper to the system and acceptance of the filing by the clerk of courts. If the clerk of courts determines that the requirements for filing have been met, the time and date of filing shall be the time and date that the legal paper was submitted to the system. If the clerk of courts finds that the requirements for filing are not met, the clerk may reject the filing.

6) A filing party shall be responsible for any delay, disruption, and interruption of the electronic signals and legibility of the document electronically filed, except when caused by the failure of the system's website.

6

7) The system shall attribute the filing of an electronic legal paper to the party whose account is used to log onto the system and file the legal paper.

8) Legal papers shall be presented for filing in portable document format (".pdf").

9) All legal papers electronically filed shall be maintained and retained by the clerk of courts in an electronic format. Neither the clerk of courts nor the court is required to maintain in a physical paper format any legal paper filed electronically as provided in this rule.

10) Any legal paper submitted for filing to the clerk of courts in a physical paper format shall be accepted by the clerk of courts in that format and shall be retained by the clerk of courts as may be required by applicable rules of court and record retention policies. The clerk of courts shall convert such legal paper in a physical paper format to .pdf and add it to the system. However, those submissions that are excluded from the definition of "legal paper" under paragraph (C) shall not be converted and added to the system.

11) No legal paper that complies with the Pennsylvania Rules of Juvenile Court Procedure shall be refused for filing by the clerk of courts or the electronic filing system based upon a requirement of a local rule or local administrative procedure or practice pertaining to the electronic filing of legal papers.

F. **Signature**

1) Except as provided in paragraph (F)(3), an electronic signature of the filer as provided for in the system is permitted on electronic filings in the following form: */s/ John L. Doe.*

2) The electronic filing of a motion or answer that includes an electronic signature constitutes a certification pursuant to Pa.R.J.C.P. 344(C)(1) that the filing party or attorney has filed the motion in good faith.

3) Any motion that, pursuant to Rule 344(C)(3), avers facts not of record and requiring a verification must be created in a physical paper form, have a physical signature placed on it, and then be converted into a .pdf before it may be electronically filed.

4) The original of a verified legal paper that is an electronic filing or is contained within an electronic filing shall be maintained by the electronic filer in either electronic or paper format and made available upon direction of the court or reasonable request of the signatory or opposing party.

G. **Official Court Record Form.** The court by local rule shall provide for the maintenance by the clerk of courts of an electronic file only, or of such electronic and physical paper format files as set forth in the local rule. Those legal papers that are not permitted to be electronically filed pursuant to paragraph (C) shall be maintained in a physical paper format only.

H. **Service**

> 1) Upon the submission of a legal paper for electronic filing, the system shall provide an electronic notification to other parties and attorneys to the case who are participating in electronic filing that the legal paper has been submitted. This notification upon submission shall satisfy the service requirements of Rules 167(B) and 345(B) on any attorney or party who has established a system account.

> 2) Upon the acceptance by the clerk of courts office of a legal paper for electronic filing, the system shall provide an electronic notification to other parties and attorneys to the case who are participating in electronic filing that the legal paper has been accepted.

> 3) Service of electronic filings on any attorney or party who has not established a UJS web portal account or who is unable to file or receive legal papers electronically or otherwise unable to access the system shall be made by the procedures provided under Rules 167(B) and 345(B).

**Comment**

This rule permits as a local practice the electronic filing of legal papers. This rule does not require the implementation of electronic filing by a local court. To provide a uniform system for electronic filing, the Administrative Office of Pennsylvania Courts has developed the PACFile electronic filing system. This is the only authorized system for electronic filing of legal documents in delinquency proceedings.

Paragraph (B) requires that a judicial district that desires to participate in the electronic filing system must adopt a local rule to that effect. As part of the initial "opting into" electronic filing, this local rule must provide that participation is voluntary. Once a judicial district has allowed electronic filing for two years, participation may be made mandatory. Paragraph (B)(1)(b) requires that all judicial districts in which electronic filing is allowed must make accommodations for those parties who are unable to participate. In no event shall access to the court filing be precluded solely on the basis of participation in the electronic filing system.

The UJS Portal contains other automated services beside PACFile. There may be circumstances when an attorney, who has registered as a user on another service of the UJS Portal, may have an established account that would be usable for PACFile. Any questions about the requirements of registration or accessibility to PACFile should be referred to the Administrative Office of Pennsylvania Courts.

The system permits a user to designate other users as proxies on individual cases. These proxies all receive notice of any filing in the case. It is anticipated that offices such as those of a district attorney or public defender would be able to establish general user accounts with particular attorneys assigned and their supervisors or back-ups listed as proxies in individual cases.

An attorney is responsible for the actions of other individuals whom the attorney authorizes to use the attorney's account.

The local rule required by this rule must conform to the requirements of Rule 121 (Local Rules) and Rule of Judicial Administration 103 (Procedures for Adoption, Filing, and Publishing Rules).

A file in physical paper format is not required by this rule. If the local rule requires a file in physical paper format, the requirement may extend to all cases or only to certain specified cases. For example, the court may require files in physical paper format for cases where an adjudicatory hearing has been scheduled while maintaining only electronic files for cases proceeding by informal adjustment or admission.

Upon submission of the electronic filing of a legal paper, the electronic filing system shall automatically send notice of the filing to all parties who have agreed to service by electronic transmission, see paragraph (D) (Participation). If the electronic filing system sends notice of such filing, the party filing the legal paper only need serve those parties who are not served by the electronic filing system. An e-mail address set forth on letterhead is not a sufficient basis under this rule to permit electronic service of legal papers.

Service pursuant to paragraph (H) is not intended to satisfy the notice requirements necessary to obtain a bench warrant pursuant to Pa.R.J.C.P. 140.

*See* Rule 167(B) providing for the clerk of courts to serve orders and court notices by facsimile transmission or other means.

*See* Rule 345(B) governing service of motions and any written answers, and any notices or documents for which filing is required by facsimile transmission or other means.

**Official Note:**  Rule 205 adopted December 12, 2019, effective June 1, 2020.

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 205 published with the Court's Order at __ Pa.B. __ (__ __, 2019).

**RULE 345. FILING AND SERVICE.**

A. **Filings.**

1) **Generally.** Except as otherwise provided in these rules, all written motions, and any notice or document for which filing is required, shall be filed with the clerk of courts.

2) **Clerk of [c]Courts' [d]Duties.** Except as provided in paragraph (A)(3), the clerk of courts shall docket a written motion, notice, or document when it is received and record the time of filing in the docket. The clerk of courts promptly shall transmit a copy of these papers to such person as may be designated by the court.

3) **Filings by [r]Represented [j]Juveniles.** In any case in which a juvenile is represented by an attorney, if the juvenile submits for filing a written motion, notice, or document that has not been signed by the juvenile's attorney, the clerk of courts shall not file the motion, notice, or document in the official court record or make a docket entry, but shall forward it promptly to the juvenile's attorney.

4) **Method of [f]Filing.** Filing may be accomplished by:

   a) personal delivery to the clerk of courts; **[or]**

   b) mail addressed to the clerk of courts, provided, however, that filing by mail shall be timely only when actually received by the clerk within the time fixed for filing**[.]; or**

   c) **in a judicial district that permits electronic filing pursuant to Rule 205, as provided in Rule 205(E).**

B. **Service.**

1) **Generally.** The party filing the document shall serve the other party concurrently with the filing.

2) **Method of [s]Service to [p]Parties.** Service on the parties shall be **[by]**:

   a) **by** personal delivery of a copy to a party's attorney, or, if unrepresented, the party; **[or]**

11

b) **by** mailing a copy to a party's attorney or leaving a copy for the attorney at the attorney's office; **[or]**

c) in **[those] a** judicial district**[s]** that maintain**s** in the courthouse assigned boxes for counsel to receive service, **by** leaving a copy for the attorney in the attorney's box; **[or]**

d) **by** sending a copy to an unrepresented juvenile by first class mail addressed to the juvenile's place of residence, detention, or placement**[.]; or**

e) **as provided in Rule 205(D)(2) and (H)(1) in a judicial district that permits electronic filing pursuant to Rule 205.**

C. **Proof of [s]Service.** All documents that are filed and served pursuant to this rule shall include a certificate of service.

## Comment

See Rule 166 for maintaining records in the clerk of courts.

Under paragraph (A)(2), the court is to designate a court official to process motions and other matters for appropriate scheduling and resolution.

Under paragraph (B), the party filing a document is required to serve the other party.

This rule does not affect court orders, which are to be served upon each party's attorney and the juvenile, if unrepresented, by the clerk of courts as provided in Rule 167.

**For the procedures for electronic filing and service as a local option, see Rule 205.**

For service of petitions, see Rule 331.

**Official Note:** Rule 345 adopted April 1, 2005, effective October 1, 2005. Amended July 28, 2009, effective immediately. Amended December 24, 2009, effective immediately. **Amended December 12 , 2019, effective June 1, 2020.**

*Committee Explanatory Reports:*

Final Report explaining the amendment to Rule 345 published with the Court's Order at 39 Pa.B. 4743 (August 8, 2009). Final Report explaining the amendments to Rule 345 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010). **Final Report explaining the amendments to Rule 345 published with the Court's Order at \_\_ Pa.B. \_\_ (\_\_\_, 2019).**

**RULE 1166.  MAINTAINING RECORDS IN THE CLERK OF COURTS**

\*     \*     \*

**D.**  **Electronic Format.  If a judicial district has provided for electronic filing pursuant to Rule 1205, the juvenile court file in which electronic filing has been utilized may be maintained solely in an electronic format as long as copies of the documents maintained in the juvenile court file may be produced in a physical paper format.**

**Comment**

\*     \*     \*

Paragraph (C)(5) recognizes that occasionally resolution of oral motions presented in open court should be reflected in the docket, such as motions and orders.

**Paragraph (D) permits electronically filed documents to be part of the juvenile court record in an electronic format.  Accordingly, the juvenile court record may exist in both paper and electronic form, provided the electronic form can be produced in a paper form.**

**Official Note:**  Rule 1166 adopted August 21, 2006, effective February 1, 2007. Amended December 24, 2009, effective immediately.  Amended April 6, 2017, effective September 1, 2017.  **Amended December 12, 2019, effective June 1, 2020.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1166 published with the Court's Order at 36 Pa.B. 5571 (September 2, 2006).  Final Report explaining the amendments to Rule 1166 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010).  Final Report explaining the amendments to Rule 1166 published with the Court's Order at 47 Pa.B. 2313 (April 22, 2017).  **Report explaining the amendments to Rule 1166 published with the Court's Order at     Pa.B.     (     , 2019).**

**RULE 1167.  FILINGS AND SERVICE OF COURT ORDERS AND NOTICES**

\*         \*         \*

B.  **Service.**

1) A copy of any order or court notice shall be served promptly on each party's attorney, and the party, if unrepresented.

2) The clerk of courts shall serve the order or court notice, unless the president judge has promulgated a local rule designating service to be by the court or its designee.

3) **Methods of [s]Service.**  Service shall be:

   a) **[in writing]** by:

      i) personal delivery to the party's attorney, and if unrepresented, the party;

      ii) mailing a copy to the party's attorney or leaving a copy for the attorney at the attorney's office;

      iii) in those judicial districts that maintain in the courthouse assigned boxes for counsel to receive service, leaving a copy for the attorney in the attorney's box;

      iv) sending a copy to an unrepresented party by first class mail addressed to the party's place of business, residence, or detention;

      v) sending a copy by facsimile transmission or other electronic means if the party's attorney, and if unrepresented, the party has filed written request for this method of service or has included a facsimile number or an electronic address on a prior legal paper filed in the case;

      vi) delivery to the party's attorney, and if unrepresented, the party by carrier service; or

   b) orally in open court on the record**[.]; or**

**c) in a judicial district that permits electronic filing pursuant to Rule 1205, service of court orders or notices shall be made as provided in Rule 1205(D)(2) and (H)(1).**

\*　　\*　　\*

**Official Note:** Rule 1167 adopted August 21, 2006, effective February 1, 2007. Amended December 24, 2009, effective immediately. **Amended December 12, 2019, effective April 1, 2019.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1167 published with the Court's Order at 36 Pa.B. 5571 (September 2, 2006). Final Report explaining the amendments to Rule 1167 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010). **Report explaining the amendments to Rule 1167 published with the Court's Order at ___ Pa.B. ___ (___, 2019).**

(This is an entirely new rule.)

**RULE 1205.  ELECTRONIC FILING AND SERVICE OF LEGAL PAPERS**

A. **Authorization.**  The president judge of a judicial district by local rule promulgated pursuant to Rule 1121 and Rule of Judicial Administration 103 may authorize electronic filing of legal papers with the clerk of courts in cases in dependency proceedings through the statewide electronic filing system as provided in this rule.

B. **Local Rule**

   1)   The local rule required under this rule shall include the following provisions:

      a) subject to the provisions in paragraph (B)(2), a statement that the electronic filing system is permissive and specify the legal papers subject to the rule, but in no case shall legal papers prohibited from being filed electronically by this rule be permitted to be filed electronically;

      b) a provision for the procedures to ensure that any party who declines to participate in the system, or who is unable to electronically file or accept service of legal papers which were filed electronically, or who is otherwise unable to access the system, at a minimum, shall be able to file legal papers in a physical paper format and be served legal papers in a physical format which were electronically filed;

      c) any additional provisions as the court may deem necessary to provide a full and complete procedure for the use of the system within the judicial district; and

      d) a notation that the Administrative Office of Pennsylvania Courts and the judicial district have agreed upon an implementation plan for PACFile in the judicial district.

   2)   Any judicial district that authorized electronic filing for a period of two years thereafter may amend their local rule, subject to the requirements of Rule 1121 and Rule of Judicial Administration 103, to make participation in electronic filing mandatory.

C. **Definitions.**  As used in this rule, the following words shall have the following meanings:

17

"electronic filing," the electronic submission of legal papers by means other than facsimile transmission and the acceptance of the document by the clerk of courts;

"filing party," an attorney or other person or entity who files a legal paper by means of electronic filing;

"legal paper," a pleading or other submission to the court, including motions, answers, notices, or other documents, of which filing is required or permitted, including orders, copies of exhibits, and attachments, but excluding:

1) submissions filed *ex parte* as authorized by law; and

2) exhibits offered into evidence, whether or not admitted, in a court proceeding.

"original document," a legal paper filed electronically shall be deemed the original document, but copies of exhibits electronically filed do not constitute the original of the exhibit for evidentiary purposes; and

"the system," the PACFile electronic filing system, developed and administered by the Administrative Office of Pennsylvania Courts, is the exclusive system for electronic filing.

D. **Participation**

1) The system shall permit attorneys, parties proceeding without counsel, and non-attorney persons or entities with standing to participate in a proceeding to file electronically.

a) In order to participate in the system, an attorney shall establish an account in the system by procedures established by the Administrative Office of Pennsylvania Courts.

b) A non-attorney shall be permitted to utilize the system through an authorization process established by the Administrative Office of Pennsylvania Courts.

2) Establishment of an account by an attorney or authorization of a non-attorney in the system, to the extent so authorized by the Administrative Office of Pennsylvania Courts pursuant to paragraph (D)(1), shall constitute consent to participate in electronic filing, including acceptance of service electronically of any document filed on the system in any judicial district that permits electronic filing.

3) An attorney or non-attorney participating in the system is permitted to file a legal paper either in an electronic format or in a physical paper format. Service upon an attorney or non-attorney participating in the system shall be done electronically.

E. **Filing**

1) When a legal paper is to be electronically filed, it may be submitted to the system at the Unified Judicial System web portal at http://ujsportal.pacourts.us, in accordance with this rule, any local rule adopted pursuant to this rule, and any filing instructions as may be otherwise provided at the web portal site.

2) Electronic filings may be submitted at any time, except during times of periodic maintenance. The electronic submission must be completed by 11:59:59 p.m. EST/EDT to be considered filed that day.

3) The time and date on which a legal paper is submitted to the system shall be recorded by the system. The system shall provide an acknowledgement to the filing party that the legal paper has been submitted.

4) The time and date on which the legal paper is accepted by the clerk of courts office also shall be recorded by the system. The system shall provide an acknowledgement to the filing party that the legal paper has been accepted.

5) A legal paper shall be considered filed upon submission of the legal paper to the system and acceptance of the filing by the clerk of courts. If the clerk of courts determines that the requirements for filing have been met, the time and date of filing shall be the time and date that the legal paper was submitted to the system. If the clerk of courts finds that the requirements for filing are not met, the clerk may reject the filing.

6) A filing party shall be responsible for any delay, disruption, and interruption of the electronic signals and legibility of the document electronically filed, except when caused by the failure of the system's website.

7) The system shall attribute the filing of an electronic legal paper to the party whose account is used to log onto the system and file the legal paper.

8) Legal papers shall be presented for filing in portable document format ("pdf").

9) All legal papers electronically filed shall be maintained and retained by the clerk of courts in an electronic format. Neither the clerk of courts nor the court is required to maintain in a physical paper format any legal paper filed electronically as provided in this rule.

10) Any legal paper submitted for filing to the clerk of courts in a physical paper format shall be accepted by the clerk of courts in that format and shall be retained by the clerk of courts as may be required by applicable rules of court and record retention policies. The clerk of courts shall convert such legal paper in a physical paper format to .pdf and add it to the system. However, those submissions that are excluded from the definition of "legal paper" under paragraph (C) shall not be converted and added to the system.

11) No legal paper that complies with the Pennsylvania Rules of Juvenile Court Procedure shall be refused for filing by the clerk of courts or the electronic filing system based upon a requirement of a local rule or local administrative procedure or practice pertaining to the electronic filing of legal papers.

F. **Signature**

1) Except as provided in paragraph (F)(3), an electronic signature of the filer as provided for in the system is permitted on electronic filings in the following form: */s/ John L. Doe.*

2) The electronic filing of a motion or answer that includes an electronic signature constitutes a certification pursuant to Pa.R.J.C.P. 1344(C)(1) that the filing party or attorney has filed the motion in good faith.

3) Any motion that, pursuant to Rule 1344(C)(3), avers facts not of record and requiring a verification must be created in a physical paper form, have a physical signature placed on it, and then be converted into a .pdf before it may be electronically filed.

4) The original of a verified legal paper that is an electronic filing or is contained within an electronic filing shall be maintained by the electronic filer in either electronic or paper format and made available upon direction of the court or reasonable request of the signatory or opposing party.

G. **Official Court Record Form.** The court by local rule shall provide for the maintenance by the clerk of courts of an electronic file only, or of such electronic and physical paper format files as set forth in the local rule. Those legal papers that are not permitted to be electronically filed pursuant to paragraph (C) shall be maintained in a physical paper format only.

20

H. **Service**

    1)      Upon the submission of a legal paper for electronic filing, the system shall provide an electronic notification to other parties and attorneys to the case who are participating in electronic filing that the legal paper has been submitted. This notification upon submission shall satisfy the service requirements of Rules 1167(B) and 1345(B) on any attorney or party who has established a system account.

    2)      Upon the acceptance by the clerk of courts office of a legal paper for electronic filing, the system shall provide an electronic notification to other parties and attorneys to the case who are participating in electronic filing that the legal paper has been accepted.

    3)      Service of electronic filings on any attorney or party who has not established a UJS web portal account or who is unable to file or receive legal papers electronically or otherwise unable to access the system shall be made by the procedures provided under Rules 1167(B) and 1345(B).

### Comment

This rule permits as a local practice the electronic filing of legal papers. This rule does not require the implementation of electronic filing by a local court. To provide a uniform system for electronic filing, the Administrative Office of Pennsylvania Courts has developed the PACFile electronic filing system. This is the only authorized system for electronic filing of legal documents in dependency proceedings.

Paragraph (B) requires that a judicial district that desires to participate in the electronic filing system must adopt a local rule to that effect. As part of the initial "opting into" electronic filing, this local rule must provide that participation is voluntary. Once a judicial district has allowed electronic filing for two years, participation may be made mandatory. Paragraph (B)(1)(b) requires that all judicial districts in which electronic filing is allowed must make accommodations for those parties who are unable to participate. In no event shall access to the court filing be precluded solely on the basis of participation in the electronic filing system.

The UJS Portal contains other automated services beside PACFile. There may be circumstances when an attorney, who has registered as a user on another service of the UJS Portal, may have an established account that would be usable for PACFile. Any questions about the requirements of registration or accessibility to PACFile should be referred to the Administrative Office of Pennsylvania Courts.

The system permits a user to designate other users as proxies on individual cases.  These proxies all receive notice of any filing in the case.  It is anticipated that offices such as those of a county agency or advocate organization would be able to establish general user accounts with particular attorneys assigned and their supervisors or back-ups listed as proxies in individual cases.

An attorney is responsible for the actions of other individuals whom the attorney authorizes to use the attorney's account.

The local rule required by this rule must conform to the requirements of Rule 1121 (Local Rules) and Rule of Judicial Administration 103 (Procedures for Adoption, Filing, and Publishing Rules).

A file in physical paper format is not required by this rule.  If the local rule requires a file in physical paper format, the requirement may extend to all cases or only to certain specified cases.  For example, the court may require files in physical paper format for cases where an adjudicatory hearing has been scheduled while maintaining only electronic files for cases proceeding by informal adjustment or admission.

Upon submission of the electronic filing of a legal paper, the electronic filing system shall automatically send notice of the filing to all parties who have agreed to service by electronic transmission, see paragraph (D) (Participation).  If the electronic filing system sends notice of such filing, the party filing the legal paper only need serve those parties who are not served by the electronic filing system.  An e-mail address set forth on letterhead is not a sufficient basis under this rule to permit electronic service of legal papers.

Service pursuant to paragraph (H) is not intended to satisfy the notice requirements necessary to obtain a bench warrant pursuant to Pa.R.J.C.P. 1140.

*See* Rule 1167(B) providing for the clerk of courts to serve orders and court notices by facsimile transmission or other means.

*See* Rule 1345(B) governing service of motions and any written answers, and any notices or documents for which filing is required by facsimile transmission or other means.

**Official Note:**  Rule 205 adopted December 12, 2019, effective June 1, 2020.

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1205 published with the Court's Order at __ Pa.B. __ (__ __, 2019).

**RULE 1345.  FILING AND SERVICE**

A. **Filings.**

1) **Generally.**  Except as otherwise provided in these rules, all written motions, and any notice or document for which filing is required, shall be filed with the clerk of courts.

2) **Clerk of [c]Courts' [d]Duties.**  Except as provided in paragraph (A)(3), the clerk of courts shall docket a written motion, notice, or document when it is received and record the time of filing in the docket.  The clerk of courts promptly shall transmit a copy of these papers to such person as may be designated by the court.

3) **Filings by [r]Represented [p]Parties.**  In any case in which a party is represented by an attorney, if the party submits for filing a written motion, notice, or document that has not been signed by the party's attorney, the clerk of courts shall not file the motion, notice, or document in the child's official court record or make a docket entry, but shall forward it promptly to the party's attorney.

4) **Method of [f]Filing.**  Filing may be accomplished by:

   a)  personal delivery to the clerk of courts; **[or]**

   b)  mail addressed to the clerk of courts, provided, however, that filing by mail shall be timely only when actually received by the clerk within the time fixed for filing**[.]; or**

   c)  **in a judicial district that permits electronic filing pursuant to Rule 1205, as provided in Rule 1205(E).**

B. **Service.**

1) **Generally.**   The party filing the document shall serve the other party concurrently with the filing.

2) **Method of [s]Service to [p]Parties.**  Service on the parties shall be **[by]**:

   a)  **by** personal delivery of a copy to a party's attorney, or, if unrepresented, the party; **[or]**

23

b) **by** mailing a copy to a party's attorney or leaving a copy for the attorney at the attorney's office; **[or]**

c) in **[those] a** judicial district**[s]** that maintain**s** in the courthouse assigned boxes for counsel to receive service, **by** leaving a copy for the attorney in the attorney's box; **[or]**

d) **by** sending a copy to an unrepresented party by first class mail addressed to the party's place of residence**[.]; or**

e) **as provided in Rule 1205(D)(2) and (H)(1) in a judicial district that permits electronic filing pursuant to Rule 1205.**

C. **Proof of [s]Service.** All documents that are filed and served pursuant to this rule shall include a certificate of service.

**Comment**

See Rule 1166 for maintaining records in the clerk of courts.

Under paragraph (A)(2), the court is to designate a court official to process motions and other matters for appropriate scheduling and resolution.

Under paragraph (B)(1), the party filing a document is required to serve the other party.

This rule does not affect court orders, which are to be served upon each party's attorney and the guardian, if unrepresented, by the clerk of courts as provided in Rule 1167.

**For the procedures for electronic filing and service as a local option, see Rule 1205.**

For service of petitions, see Rule 1331.

**Official Note:** Rule 1345 adopted August 21, 2006, effective February 1, 2007. Amended December 24, 2009, effective immediately. **Amended December 12, 2019, effective June 1, 2020.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1345 published with the Court's Order at 36 Pa.B. 5571 (September 2, 2006).   Final Report explaining the amendments to Rule 1345 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010).  **Final Report explaining the amendments to Rule 1345 published with the Court's Order at ___ Pa.B. ___ (_____, 2019).**